ISAAC N. ADRIAN

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

1. GOVERNMENTAL FUNCTIONS—*State exercises in operating Jacksonville State Hospital.* The State in the operation of the Jacksonville State Hospital, exercises a governmental function.

2. RESPONDEAT SUPERIOR—*doctrine of does not apply to State.* The doctrine of *respondeat superior* does not apply to the State and where the State exercises a governmental function it is not liable in tort.

R. S. Egan, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant held the position of property and economy officer of the State Board of Administration of the charitable and other kindred institutions of the State since 1913. It was his duty to visit the different institutions under the control of the State Board of Adminisration once each month to inspect and inventory property, to advise with farmers in control of lands, check up the institutions and make reports. His · salary was $1,500.00 per annum.

On August 14, 1914, while in the discharge of his duties he went to the State Hospital at Jacksonville. He was being driven around the premises in a wagon to which was attached a team of horses driven by one Peterson, a farmer at the institution, instead of the regular coachman who was away on a vacation. The team had been idle for several days; the harness on the team was in a very bad state of repair. The horses took fright at a canvas which had been plaved upon a picket fence to dry by Peterson, and started to run away. Peterson, in pulling on the lines, broke three straps, due to the defective condition of the harness. The wagon was partially tipped over and claimant was thrown out on the ground. His left ankle bones were broken and he was unable to rise from the ground. He sustained a "Potts Fracture," a fracture of the lower part of the fibula, and he was in a hospital at Jacksonville for about two weeks, and then removed to the State Hospital at Jacksonville, where he remained until October 29, 1914. He was then removed to his home at West Chicago, where he was confined until about December 1st following. He then attempted to enter upon his duties, but was unable to do any work.

He was retained on the State pay roll until April 1, 1915.

He is a man sixty-three years of age, and in addition to the physical injuries has become broken down in health, having lost considerable weight, and was at the time of the taking of the testimony in this case

still under the physician's care and the prognosis is that he will always be lame as the result of the injury.

The declaration charges the State with negligence, in that the driver of the team was incompetent, that the act of the State employee in placing the canvas upon the picket fence scared the horses, and that the harness was unsafe and in a rotten condition.

The State sets up. as a defense that it is operating the Jacksoncille State Hospital in its governmental capacity, and that the doctrine of *respondeat superior* is not applicable.

We have so repeatedly held that the State in the exercise of its governmental function cannot be held to respond in damages for the negligence of its employees, that citation of authority would be unnecessary. There can be no award made by this Court in this case.

But it has been the principal of this Court, in a case otherwise meritorious, that is, in a case where an injury is sustained through no fault on the part of the injured person and entirely through the fault of the employees of the State, not to preclude a claimant from securing an appropriation from the Legislature by rejecting the claim.

This case appears to us to be one falling within that class. If, under the law, we had it within our power to make an award, we would award the claimant here the sum of $3,000.00, but, inasmuch as we cannot do this, this claim will be rejected without prejudice, however, to the right of the claimant to present his claim to the Legislature to secure an appropriation.